UNITY BROADCASTERS, Appellant,

v.

FEDERAL COMMUNICATIONS COMMISSION, Appellee.

No. 02–1101.

United States Court of Appeals, District of Columbia Circuit.

April 25, 2003.

Before EDWARDS, RANDOLPH, and TATEL, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This cause was considered on the record from the Federal Communications Commission and the briefs and oral arguments of counsel. It is

ORDERED AND ADJUDGED that the order of the Commission reinstating the application of Abundant Life, Inc., for a construction permit for a new FM station be affirmed.

Unity Broadcasters challenges the decision of the Commission to reinstate the application of its competitor, Abundant Life, Inc., for a construction permit for a new FM station in Hattiesburg, Mississippi. The Chief of the FM Branch and the Office of the Managing Director had dismissed the application for failure to pay the required hearing fee by the deadline established in a public notice. The Commission reversed and reinstated the application, finding that Abundant's counsel reasonably relied on the Commission's pro-

nouncements in restricting his search of the public notices such that he did not find the notice setting the deadline, which resulted in Abundant failing to pay the fee on time.

Due process precludes an agency from penalizing a party for violating a rule unless the agency provides adequate notice of the substance of the rule. *Satellite Broad. Co. v. FCC,* 824 F.2d 1, 3 (D.C.Cir.1987). If an agency determines that its rule did not provide adequate notice, that is sufficient justification not to penalize a party and to grant a waiver of the rule. *See High Plains Wireless, L.P. v. FCC,* 276 F.3d 599, 607 (D.C.Cir.2002). As the Commission found, Abundant's counsel reasonably interpreted the unclear pronouncements of the Commission in limiting his search of the public notices to the close of the amendment period forward because he believed the hearing fee deadline would not be determined until after that period expired. Therefore the Commission's decision to reinstate the application was neither arbitrary nor capricious.

Unity's argument that Abundant's president had actual knowledge of the hearing fee deadline was not properly presented to the Commission. In its opposition to Abundant's application for review by the Commission, Unity addressed the argument only in a footnote that did not sufficiently describe the factual basis of the argument. Although Unity pointed to affidavits and documentary evidence in its petition for reconsideration, the Commission properly dismissed the petition because the reinstatement of an application is interlocutory and therefore not subject to a petition for reconsideration. *See* 47 C.F.R. § 1.106(a)(1).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of

the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C. CIR. R. 41.